UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DEBORAH C. CHENEY,

Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

Defendant.

Case No. 3:12-cv-01794-HA

OPINION AND ORDER

HAGGERTY, District Judge:

Plaintiff Deborah Cheney seeks judicial review of a final decision by the Acting Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits (DIB). This court has jurisdiction to review the Acting Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Acting Commissioner's decision must be REVERSED AND REMANDED for further proceedings.

**STANDARDS**

A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist

in a significant number in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff was born on September 8, 1956 and is a highschool graduate. Plaintiff protectively filed her application for DIB on February 27, 2009, alleging that she has been

disabled since February 1, 2009. The claim was denied initially on May 13, 2009, and upon reconsideration on August 3, 2009. At plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on February 8, 2011. The ALJ heard testimony from plaintiff, who was represented by counsel, as well as an independent vocational expert (VE).

On March 2, 2011, the ALJ issued a decision finding that plaintiff was not disabled under the Act. At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since February 27, 2009, her application date. Tr. 13, Finding 1.[1] At step two, the ALJ found that plaintiff suffers from the following medically determinable severe impairments: bipolar disorder, anxiety disorder, alcohol and marijuana use, and post-traumatic stress disorder. Tr. 13, Finding 2. After considering plaintiff's severe and non-severe impairments, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 13-14, Finding 3. After consulting the record, the ALJ concluded that plaintiff has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to simple and routine tasks no greater than reasoning level 3 as defined in the Dictionary of Occupational Titles; she can have only occasional public and co-worker contact; and she cannot have any exposure to heights or hazards. The ALJ found that plaintiff has no past relevant work. Tr. 18, Finding 5. Based on plaintiff's age, the ALJ found that she is an individual closely approaching advanced age, pursuant to 20 C.F.R. § 416.963. Tr. 18, Finding 6. Based on plaintiff's RFC and testimony from the VE, the ALJ determined that plaintiff is able

---

[1] "Tr." refers to the Transcript of the Administrative Record.

to perform work existing in significant numbers in the national economy, such as garment sorter, shelver/shelving clerk, and collating of printed products Tr. 19, Finding 9. Therefore, the ALJ concluded that plaintiff is not disabled. Tr. 19, Finding 10.

On August 7, 2012, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Acting Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

**DISCUSSION**

Plaintiff asserts that the ALJ erred by (1) rejecting one opinion of treating physician, Dr. Alfredo Soto, M.D.; (2) rejecting the opinion of examining physician, Dr. Jerome Gordon, Ph.D.; (3) relying on the opinion of non-examining physicians, Drs. Sandra Lundblad, Psy.D, and Robert Henry, Ph.D.; and (4) incorrectly assessing plaintiff's RFC. Each of plaintiff's assignments of error is addressed in turn.

**1. Treating Physician Alfredo Soto, M.D.**

Doctor Soto, plaintiff's treating physician, submitted a Mental Status Report in May 2009 and a Functional Assessment of Work-Related Mental Activities in November 2010. The May 2009 report states that plaintiff had improved mood and improved cognitive functioning. It also stated that her social functioning is "within normal limits when symptoms of depression are under control." Tr. 249. The ALJ found that the November 2010 report described impairments that were more profound. The November 2010 report states that plaintiff "experiences episodes of significant mood change that negatively impact her ability to maintain a routine work schedule." Tr. 431.

The ALJ found that Dr. Soto's November 2010 opinion was inconsistent with plaintiff's

treatment history. An ALJ may reject the contradicted opinion of a treating physician only by providing specific and legitmate reasons that are supported by substantial evidence in the record. *Conley v. Astrue*, 471 Fed. Appx. 758, 760 (9th Cir. 2012). In this case, the ALJ's reasoning for rejecting Dr. Soto's November 2010 opinion was not supported by substantial evidence.

First, the May 2009 report does not describe plaintiff's impairments as less profound than the November 2010 report, as the ALJ opined. In fact, the May 2009 report states that plaintiff exhibited "symptoms of severe depression" and her social function is within normal limits only "when symptoms of depression are under control." Tr. 249. Similarly, the May 2009 report explains that plaintiff's concentration, persistence, and pace are appropriate only when plaintiff's "mood is under control." Tr. 250. Additionally, it states that "when depressed, patient reports episodes of memory loss, making employment difficult." Tr. 250. These observations are not inconsistent with the November 2010 report, which states that plaintiff experienced episodes of significant mood change. Tr. 431. The reports' congruence is even more apparent in light of Dr. Soto's opinion that plaintiff's mood changes "vary in frequency and duration, and remain unpredictable." Tr. 431. While plaintiff is not always in a depressed state, the reports agree that when she is depressed, impairment results.

Second, the ALJ stated that the treatment notes accompanying Dr. Soto's May 2009 opinion indicate that claimant did not display significant symptoms of depression throughout March 2010. However, the notes on March 2, 2010 indicate that plaintiff was always "either laughing or crying." Tr. 253. Moreover, on February 18, 2010, Dr. Soto reported worsening symptoms of depression. Tr. 256. While the ALJ attributes plaintiff's ability to arrange transportation for herself as a sign that her impairments were improving, the record makes clear

that dependable transportation is a constant struggle for plaintiff. Tr. 254, 257-260, 262-263, 267. The ALJ also cited progress notes dated February 5, 2010 to demonstrate that plaintiff was able to engage in problem solving despite feeling depressed. However, the progress notes do not support this. Rather, the progress notes state that plaintiff "faces a multitude of problems" and she was "urged" to address them. Tr. 260. In sum, the ALJ's reasons for rejecting Dr. Soto's November 2010 opinion are not supported by substantial evidence, and the November 2010 opinion should be afforded appropriate weight on remand.

**2. Jerome Gordon, Ph.D.**

Dr. Gordon performed a Psychodiagnostic Evaluation on plaintiff in July 2009. He observed that plaintiff has difficulty focusing on a simple task that is under a minute in duration, concluding that she has difficulty with persistence and attention. Tr. 225-226. Plaintiff claims that the ALJ erred in assigning little weight to Dr. Gordon's opinion.

An ALJ may discredit even a treating physician's opinion if he provides specific and legitimate reasons. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). In this case, the ALJ found that Dr. Gordon's opinion was inconsistent with the fact that plaintiff was "active in community groups and activities of daily living." Tr. 17. In fact, plaintiff served as the Director of the New Hope Community Outreach Center during the time she was examined by Dr. Gordon. Therefore, the ALJ provided specific and legitimate reasons for assigning little weight to Dr. Gordon's opinion that plaintiff has difficulty with persistence and attention, and he committed no error.

///

///

**3. Nonexamining Physicians, Drs. Sandra Lundblad, Psy.D, and Robert Henry, Ph.D.**

In May 2009, Dr. Lundblad prepared a Psychiatric Review Technique and Mental Residual Capacity Assessment based on records available at that time. Doctor Lundblad found that plaintiff was "able to carry out simply, routine instructions" and "able to have brief, incidental public contact." Tr. 201. Doctor Henry prepared a Psychiatric Review Technique in which he affirmed Dr. Lundblad's assessment. The ALJ assigned great weight to both opinions.

Plaintiff asserts that the ALJ erred by attributing great weight to these opinions at the expense of the opinions of treating and examining physicians. The opinions of nonexamining physicians may serve as substantial evidence when they are consistent with independent clinical findings or other evidence in the record. *Mendoza v. Astrue*, 371 Fed. Appx. 829, 831 (9th Cir. 2010). However, the ALJ may reject the opinion of an examining physician, if it is contradicted by nonexamining physicians, only if the ALJ gives specific and legitimate reasons that are supported by substantial evidence. *Id.* In this case, the ALJ made a conclusory finding that the opinion of Drs. Lundblad and Henry were thorough and consistent with the substantial evidence of record. This does not amount to specific and legitimate reasons. Therefore, the ALJ must reevaluate the medical evidence on remand.

**4. RFC Assessment**

Plaintiff argues that the ALJ erred by failing to include all nonexertional functional limitations in plaintiff's RFC. Specifically, plaintiff asserts that the ALJ failed to properly limit plaintiff's public and co-worker contact and failed to include a functional limitation as to plaintiff's concentration, persistence, and pace.

The ALJ limited the frequency of public and co-worker interaction to "occasional," but plaintiff argues that the limitation should be "brief and incidental." Plaintiff relies on the opinion of Dr. Lundblad, which limited plaintiff to brief and incidental public contact. This court agrees with defendant that such a distinction is merely semantic. Additionally, defendant's discussion of *Allen v. Astrue* is persuasive. No. 3:10-cv-01377-KI, 2012 WL 253209, at *3 (D. or. Jan. 26, 2012). In *Allen*, the court affirmed an ALJ's limitation to "occasional interaction with the public" when the state agency psychologist limited the plaintiff to "brief, incidental contact with the public." *Id.* Therefore, the ALJ did not err by limiting plaintiff to occasional public and co-worker contact.

Finally, plaintiff argues that the ALJ erred by failing to include any limitation as to her concentration, persistence, and pace. However, the ALJ did limit plaintiff to simple and routine tasks no greater than reasoning level 3 as defined in the Dictionary of Occupational Titles. While the ALJ properly considered the opinion of Dr. Gordon in making that determination, the ALJ did not properly reject the November 2010 opinion of Dr. Soto, as explained above. Therefore, on remand, the ALJ shall consider Dr. Soto's November 2010 opinion when establishing a limitation for concentration, persistence, and pace.

///

///

///

///

///

///

**CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Acting Commissioner denying Deborah Cheney's application for DIB must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this 11 day of September, 2013.

Ancer L. Haggerty
United States District Judge